IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MAHMOOD HAERI,

    Plaintiff,

v.                                                CASE NO. 1:15-cv-197-MW-GRJ

NY TIMES NEWSPAPER, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* civil rights complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted Plaintiff's motion to proceed as a pauper, ECF No. 4, and directed Plaintiff to amend his Complaint. Plaintiff has now filed his Amended Complaint, and the case is before the Court for screening pursuant to 28 U.S.C. § 1915, governing actions proceeding *in forma pauperis*.

Plaintiff's claim stems from an alleged breach of a confidentiality agreement concerning Plaintiff's research at Florida Research and Technology Center. Plaintiff alleges that in 1988, he researched methods of detection of cervical cancer with Dr. Richard Schneider at Florida Research and Technology Center. Plaintiff says that he discovered the specific wavelength of infrared radiation to see the content of cervical cells and wrote a disclosure containing this information. The disclosure was signed by scientists and staff of RTS laboratories. Plaintiff says that Dr. Schneider also discussed the matter with Plaintiff and promised to keep it confidential.

Plaintiff attempted to obtain financial support—presumably to further investigate and develop his discovery—but was unsuccessful. Plaintiff represents that he never

permitted any publication regarding his discovery and attempted to keep it confidential. The New York Times, however, published an article in December 1991, describing Plaintiff's method of detecting cervical cancer. Plaintiff states that the staff of RTS Laboratories were all citizens of Alachua County, Florida. According to Plaintiff, had his studies been successful, the business produced could have been valued at more than $75 million.

It is well established that federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004). Pursuant to 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Further, the Court has subject matter jurisdiction over cases involving a federal question. 28 U.S.C. § 1331.

The Amended Complaint does not reference any federal statute or federally created right that might be implicated in this case, despite the Court directing Plaintiff to specify whether the claim alleged was based on a federal question. (ECF No. 4.) Accordingly, the only arguable basis for subject matter jurisdiction would be diversity of citizenship. Plaintiff appears to be a citizen of Florida, based on his current address in Gainesville, Florida. Plaintiff names four defendants—Warren Leary, Dr. Basil Rigas, RTS Laboratories, and Patrick Wong—but has failed to allege the citizenship of each, despite the Court's instructions. (ECF No. 4.)

Plaintiff has included, however, the address of one Defendant, RTS Laboratories, which is based in Alachua County, Florida. Plaintiff also alleges in his Complaint that all staff members of RTS Laboratories are citizens of Florida. While

Plaintiff does not allege in his amended complaint whether RTS Laboratories is a corporation, limited liability company or some other form of juridical entity, Plaintiff has attached a letter from RTS Laboratories, which clearly identifies RTS Laboratories as "RTS Laboratories, Inc.," with an address in Alachua, Florida. Thus, because RTS Laboratories is a corporation, it is deemed a citizen of the state by which it has been incorporated or of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is where the nerve center of the main activities of the corporation take place. Because RTI Laboratories is based in Alachua, Florida (and is not located any other place) it is apparent that it would be deemed a citizen of Florida

Accordingly, because Defendant RTS Laboratories is deemed a citizen of Florida for diversity purposes and Plaintiff is a citizen of Florida there is not complete diversity between all of the parties and, therefore, the Court does not have subject matter jurisdiction over the claims in this case. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)(citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.") Plaintiff's Amended Complaint is, therefore, due to be dismissed for lack of subject matter jurisdiction.

Furthermore, the Amended Complaint has an additional fatal flaw that warrants dismissal. Plaintiff's claim pertains to a breach of confidentiality that occurred in 1991, almost twenty-five years ago. As the Court previously stated in the order requiring Plaintiff to file an amended complaint, if Plaintiff's cause of action arose in 1991, the claim is almost certainly outside of the applicable statute of limitations. (ECF No. 4.)

Under Florida law, the statute of limitations for a breach of contract is five years from the time of the breach. *See* FLA. STAT. § 95.11(2)(b) (2004). Based on Plaintiff's allegations in the Amended Complaint, the alleged breach occurred no later than 1991, the year the New York Times published an article concerning Plaintiff's method of detecting cervical cancer through infrared imaging. (ECF Nos. 1 & 6.) In short, because the statute of limitations for a breach of contract has long expired, this action is also time barred.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for lack of subject matter jurisdiction and for failure to state a cause of action upon which relief may be granted.

**IN CHAMBERS** at Gainesville, Florida, this 16th day of October 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.